IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANCE E. PHILLIPS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 C 2371 |
| | ) | |
| USA, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Lance E. Phillips brings this complaint *pro se* against the United States of America seeking the release of property not subject to criminal forfeiture. Plaintiff petitions this court to permit him to file *in forma pauperis* and requests the appointment of counsel. For the following reasons we deny plaintiff's petition without prejudice, and grant him leave to refile in the proper court.

Pursuant to 28 U.S.C. 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. Plaintiff has so demonstrated. He is currently unemployed and has been since January 2006. He has three dependent children, ages 15, 10, and 2. He is married, but his wife is the defendant in the criminal proceeding from which plaintiff's request for the release of property arises. Similarly, while defendant owns a house valued at $200,000, and a business property, both are the subject of the criminal forfeiture liens and are unaccessible to plaintiff as collateral.

However, our inquiry does not end there. In reviewing a petition to proceed *in forma pauperis* we must analyze the claims and dismiss a complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a

defendant who is immune from such relief. 28 U.S.C.1915(e)(2)(B)(i)-(iii); Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss a claim only if it appears beyond a doubt that there exists no set of facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by lawyers. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

Plaintiff's allegations are as follows: On March 4, 2003, the government raided plaintiff's business, owned by plaintiff together with his wife, Teresa Phillips. On the same day, the government secured liens from the district court of the Northern District of Illinois against plaintiff's personal bank account, a joint bank account he owned with his wife, two real estate properties (the business and plaintiff's home), and the bank account of plaintiff's businesses. The liens were secured through the sworn affidavit of a postal inspector, David Hodapp, who was hired to investigate alleged health care fraud. In this affidavit, the inspector stated he could prove that both plaintiff and Ms. Phillips committed fraud against the government in violation of 19 U.S. C. §§ 287, 1341, 1343 and 1347. The liens remained in place until April 1, 2003.

On that date, a hearing was held in which Inspector Hodapp testified that he had probable cause to believe plaintiff's personal, business and real property was subject to forfeiture as it related to the investigation of alleged health care fraud. The court renewed the liens based on Investigator Hodapp's testimony.

An indictment was handed down on November 6, 2003, which named Theresa Phillips as a defendant, but not plaintiff. Two superceding indictments, one dated June 24, 2004, and

one dated December 7, 2006, also named Theresa Phillips as a defendant but omitted plaintiff. According to plaintiff, the government has never alleged that he participated in a scheme, was an unindicted co-conspirator in a scheme, or attempted to commit a scheme against the United States as it relates to the charges in the indictment of healthcare fraud. Plaintiff alleges that the government made clear, both to the grand jury and during the trial of Ms. Phillips, that plaintiff was not directly involved nor had personal knowledge of the alleged fraud.

Plaintiff seeks the release of the funds in the business account, his interest in the couple's joint bank account, the funds from his personal bank account, and his interest in both the residential and business properties. Plaintiff alleges that no charges have ever been alleged against him in the four years since the liens were put in place and that the property alleged in the forfeiture was not proven to be used in any crime, or proven to be purchased by the fruits of any alleged crime.

Plaintiff has not attached any documents related to his wife's criminal proceeding. While we generally must take all of plaintiff's allegations as true on a motion such as this one, we are not prohibited from taking judicial notice of other court proceedings that are mentioned in plaintiff's complaint. Limestone Dev. Corp. v. Village of Lemont, 473 F. Supp. 2d 858, 867-68 (N.D. Ill. 2007). Prior to plaintiff's filing of this complaint, his wife was found guilty of five counts of healthcare fraud by a jury, after a trial that ended on April 16, 2007. The second superceding indictment upon which Ms. Phillips was found guilty alleged, as part of the healthcare fraud scheme, that she deposited fraudulent Medicare reimbursements into the business bank account, her joint bank account with plaintiff, plaintiff's personal bank account, and her personal bank account. The indictment further alleges that Ms. Phillips used some of the fraudulent Medicare payments to purchase both the business and the residential

property. It then alleged, under 18 U.S.C. § 982, that the personal and real property was subject to forfeiture. Because Ms. Phillips was found guilty on all five counts of healthcare fraud, it follows that the property alleged in the forfeiture was proven to be used in the commission of a crime and proven to be purchased by the fruits of the crime.

This does not mean plaintiff may not be entitled to his interest in the property. Following the trial, and in accordance with 18 U.S.C. §853 and Fed. R. Crim. Pro. 32.2, the court possessing jurisdiction over the criminal proceeding, will, as soon as practicable after the conclusion of the trial, determine what property is subject to forfeiture under the applicable statute. Once the court determines that the property must be forfeited, plaintiff can then file a petition alleging that he is a third party with an interest in the property to be forfeited. The court will then conduct an ancillary proceeding to determine what if any interest plaintiff may have in the property in question. Plaintiff is required to establish by a preponderance of the evidence that he had a vested or superior legal right, title or interest in property otherwise subject to forfeiture when defendant's criminal acts took place, or that he was a bona fide purchaser for value.

Plaintiff has alleged that he is an innocent third party with an interest in the property. It is not yet known whether the property in question will be subject to forfeiture or how any forfeiture will square with Illinois law regarding marital property. What is known is that plaintiff must file his petition asserting an interest in the property to be forfeited in the court in which the forfeiture proceeding is taking place – Judge Manning's court. We therefore deny plaintiff's petition without prejudice and grant him leave to refile in the court that possesses jurisdiction over the forfeiture proceedings. Plaintiff should do so expeditiously, once a preliminary order of forfeiture has been entered.

## CONCLUSION

For the foregoing reasons, plaintiff's petition to file *in forma pauperis* is denied. His request for appointment of counsel is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 16, 2007.